IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| RADISSON HOTELS INTERNATIONAL, INC., a Delaware corporation, | ) ) ) ) | CASE NO. 15-cv-00583 (JNE/JJK) |
| Plaintiff, | ) ) | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER FOR ENTRY OF DEFAULT JUDGMENT AND AWARD OF ATTORNEYS' FEES AND COSTS AGAINST DEFENDANTS** |
| vs. | ) ) | |
| SONIA & BROTHERS INC., a Texas corporation; and REHAN MAZHAR, a California resident, | ) ) ) ) | |
| Defendants. | ) | |

The above-entitled matter came on before the Court upon Radisson Hotels International, Inc.'s ("Radisson") motion for entry of default judgment against Defendants Sonia & Brothers Inc. and Rehan Mazhar ("Defendants") [Doc. 10] and request for an award of attorneys' fees and costs under Rule 55 of the Federal Rules of Civil Procedure. The Court, having carefully reviewed Radisson's motion and all of the files, pleadings and proceedings herein, makes the following FINDINGS OF FACT, CONCLUSIONS OF LAW, and ORDER FOR JUDGMENT:

### FINDINGS OF FACT

**A.   Parties**

1.   Radisson is a corporation organized under the laws of the state of Delaware with its principal place of business located at 701 Carlson Parkway, Minnetonka, Minnesota.

2. Radisson is a well-known licensor of quality guest lodging systems, including the Radisson® Hotel System.

3. Defendant Sonia & Brothers Inc. is a Texas corporation organized under the laws of the state of Texas with its principal place of business located at 35000 Curtis Boulevard, Eastlake, Ohio 44095.

4. Defendant Rehan Mazhar is a resident and citizen of the state of California with a last known address of 6612 Angus Street, Corona, California 92880.

5. Defendant Rehan Mazhar is the sole member of Defendant Sonia & Brothers Inc.

**B.     The RADISSON® License Agreement and Personal Guaranty**

6. Radisson and Defendant Sonia & Brothers Inc. entered into a License Agreement with an effective date of April 25, 2007 ("License Agreement") granting Defendant the non-exclusive license to construct or renovate and operate a Radisson® hotel located at 35000 Curtis Boulevard, Eastlake, Ohio 44095 (the "Hotel") for a period of 20 years.

7. On or about May 7, 2007, Defendant Rehan Mazhar entered into a Personal Guaranty of License Agreement (the "Personal Guaranty") and guaranteed to Radisson that he would make full and prompt payment to Radisson of all amounts due or payable to Radisson and its affiliates under the License Agreement.

## C. Radisson Terminated the License Agreement Due to Defendants' Failure to Cure the Monetary Defaults

8. Throughout the term of the License Agreement, Defendants failed to timely pay the amounts owed under the License Agreement and comply with the Radisson Standards of Service and Operations.

9. During the period August 8, 2013, through January 10, 2014, Radisson issued Defendants three separate written notices of default related to Defendants' failure to pay the required fees due and owing under the License Agreement. In each instance, Defendants were provided with an opportunity to cure the monetary default.

10. Defendants failed to cure each of the three monetary defaults even after they received extensions of time to do so from Radisson.

11. By letter dated February 27, 2014, Radisson advised Defendants that the License Agreement would terminate effective February 28, 2014, due to Defendants' failure to cure the monetary defaults and because Defendants had received at least three separate notices of material default within a thirty-six (36) month period. As part of the February 27 letter, Radisson identified seven separate notices of material default (consisting of monetary defaults and system standard defaults) that it had issued to Defendants during the prior thirty-six month period.

12. The License Agreement terminated effective February 28, 2014.

13. Following the termination of the License Agreement, Radisson sent Defendants a demand letter dated June 5, 2014, in which Radisson sought, in part,

payment of certain past due Marketing Fees, Reservation Fees and other fees, as well as liquidated damages pursuant to Article 17.4 of the License Agreement.

14.     Despite their obligations to do so, Defendants have failed to pay Radisson the amounts due.

15.     Defendants owe Radisson a total of $264,877.05, as follows: (a) $206,444.19 for past due fees; and (2) $58,432.86 for liquidated damages.

**D.      Defendants Failed to Answer or Otherwise Respond to the Complaint**

16.     Radisson commenced this action by filing its Complaint on February 25, 2015.

17.     Defendants were each served with the Summons and Complaint March 15, 2015, in accordance with the Federal Rules of Civil Procedure.

18.     The time allowed by law, as provided for under the Federal Rules of Civil Procedure, for Defendants to answer the Complaint in this action has elapsed, and no answer or other pleading has been received by or served upon Radisson or its attorneys.

19.     The Clerk of Court entered a default against Defendants on May 11, 2015.

20.     Defendant Rehan Mazhar was not at the time of the commencement of this action, nor for three months prior thereto, in the military service of the United States. Defendant Rehan Mazhar is over the age of 18.

**E.      Radisson is Entitled to Its Attorneys' Fees and Costs**

21.     Pursuant to 25.13 of the License Agreement, as well as the Personal Guaranty, Defendants are required to pay Radisson its reasonable attorneys' fees and costs incurred in enforcing the provisions of the License Agreement.

22.  The attorneys' fees and costs billed in this matter by the Gray Plant Mooty law firm are reasonable and comparable to the rates charged by law firms of similar size and stature in the Minneapolis area for attorneys with similar levels of experience. The rates that GPM charged to Radisson are also less than, or the same as, those charged by other attorneys around the United States who practice nationally in the area of franchise law.

23.  The Court has reviewed the original time records submitted by the law firm of Gray Plant Mooty in this matter and has determined that the work performed was for the benefit of Radisson and reasonable and necessary for the proper representation of Radisson.

24.  Radisson is entitled to an award of attorneys' fees and costs in the amount of $6,752.50.

## CONCLUSIONS OF LAW

1.  Defendants have failed to answer or otherwise respond to the Complaint in accordance with the Federal Rules of Civil Procedure and have made no appearance in this case.

2.  Defendants are, therefore, in default.

3.  Radisson is entitled to past due fees and liquidated damages in the amount of $264,877.05, exclusive of interest.

4.  Radisson is entitled to an award of the attorneys' fees and costs that has incurred in this matter in the amount of $6,752.50.

5.   Radisson is entitled to a total judgment against Defendants, jointly and severally, in the amount of $271,629.55, exclusive of interest.

## ORDER FOR JUDGMENT

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: February 4, 2016                BY THE COURT:


                                       s/Joan N. Ericksen
                                       JOAN N. ERICKSEN
                                       United States District Judge